## N. Y. COMMON PLEAS.

*In re* the Assignment of JOHN A. SWEZEY and JOSEPH DART to JOHN A. BAGLEY for the benefit of creditors — And the papers on appeal to the general term from two special term orders.

*Assignment act — Papers on appeal — Separation of papers on two appeals in same proceeding — Opinion of court below to be inserted in appeals from orders in non-enumerated motions — Papers not used to be expunged — Code of Civil Procedure, sections* 135:3, 1356 *and* 1361 — *Supreme Court Rules* 40 *and* 41.

Where, in a proceeding under the assignment act to compel the attendance of one of the assignors before a referee for examination respecting a trade-mark, as a witness, on the application of creditors, two appeals are taken by the assignor, namely, one from an order denying a motion to set aside the original order directing such examination, and the other from an order denying a motion for a stay of proceedings and leave to apply to another judge for such stay, the papers on the two appeals are bound up and served together:

*Held,* the papers on appeal are obnoxious to the objection of respondent's motion that they be separated. The papers submitted on each order should be separated.

Where, in such case, an opinion was filed by the court below, giving reasons for the decision of the motion, the opinion should be inserted as a part of the papers set up for review to the general term.

Where papers are inserted which were never used nor submitted at special term, a motion to suppress them will be granted by the judge who heard the motion on settlement. Adjournments indorsed on the papers used by the court below must appear before the appellate court, where they are claimed to be essential.

*Special Term, December,* 1881.

MOTION to resettle papers on appeal from special term to general term.

Buckingham & Paulson, copartners and creditors of Swezey & Dart, who made a general assignment, applied for and obtained an order for the examination of the assignor Dart

under the general assignment act of 1877. A motion was thereafter made by Dart to set aside the original order directing his examination. The motion was denied and the examination directed to proceed before George B. Pentz, Esq., as referee. Then another motion was made on behalf of Dart for a stay of proceedings, pending a proposed appeal to the general term from the order denying his first motion. The latter motion was also denied. From each of the two orders Dart appealed to the general term.

The papers on appeal from the two motions were bound up together and so served. An opinion of judge VAN HOESEN, which was filed with his decision in the latter motion, was not made a part of the appeal papers served; other important papers used on the motion were omitted, as respondents claimed, including an adjournment signed by Dart in person. Besides, among the printed papers was found an opinion of judge LAWRENCE of the supreme court, said to have been rendered in some equity suit in that court, concerning the same trade-mark " Peerless," which was also the subject of the proposed examination before the referee. The motion comes before the court on an order to show cause why the appeal papers should not be separated so that the papers under each appeal and each order be printed and bound by themselves; why the papers should not be settled so as to contain all used and filed on the motion under which the orders appealed from were made and entered only; and for other and further relief.

*Chauncey B. Ripley*, for the motion.

I. The papers must be separated; at all events it must be determined by the special term what papers are the basis of each appeal (*Code Civ. Pro.*, *secs.* 1353, 1356, 1361; *Rules Supreme Ct.*, 40, 41).

II. The absence of judge VAN HOESEN's opinion is fatal (*Rule Supreme Ct.*, 41).

III. The papers specified as used on the motion should all

be inserted as they appear on the files of the assignment clerk (*Code Civ. Pro.*, *sec.* 1353).

IV. Those not used and not found on the files should be expunged, including the opinion of LAWRENCE, J. (*Id. and secs.* 1356, 1361).

V. The papers used and filed are enumerated in the orders entered, and they alone should be inserted. Among those are the adjournments ; one signed by assignor Dart in person (*Orders on file in clerk's office*).

VI. The motion should be granted, with costs.

*Edward K. Jones*, opposed.

I. The two orders relate to the same subject-matter, and so need not be separated.

II. The opinion is only required to be inserted under appeals from orders in cases of enumerated motions. These are cases of non-enumerated motions, and the opinion need not be inserted (*Rules* 41, 42).

III. All other papers used are inserted.

IV. The opinion of judge LAWRENCE was referred to by counsel on the argument of the motions at special term.

V. The motion to resettle should be denied.

VAN HOESEN, *J.* — The papers on appeal are obnoxious to the objections made by Mr. Ripley, and his motion is granted.

The papers submitted on each order should be separated. My opinion should be inserted. The opinion of judge LAWRENCE was never read to me, nor submitted to me ; but if it had been, it would not have affected my decision. This observation is not intended to apply any want of respect for judge LAWRENCE, or for his opinions, but is made because that decision has no bearing on the question involved in this proceeding. The indorsement of Dart at the adjournment should appear.